UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVIN BARKSDALE,

    Plaintiff,

v.

                          Civil Action 2:13-cv-282
                          Judge Edmund A. Sargus, Jr.
                          Magistrate Judge Elizabeth P. Deavers

SELINA MILLER, *et al.*,

    Defendants.

## ORDER

    Plaintiff, Kevin Barksdale, an Ohio resident who is proceeding without the assistance of counsel, brings this action against Defendants, alleging that Defendants have made false accusations against him. This matter is before the Court for consideration of the April 3, 2013 Report and Recommendation of the United States Magistrate Judge. (ECF No. 4.) The Magistrate Judge recommended that the Court dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3) for failure to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction.

    The Report and Recommendation specifically advises Plaintiff that the failure to object to the Report and Recommendation within fourteen days of the Report results in a "waiver of the right to de novo review . . . by the District Judge and waiver of the right to appeal the judgment of the District Court." (Report and Recommendation 4–5, ECF No. 4.) The time period for filing objections to the Report and Recommendation has expired. Plaintiff has not objected to the Report and Recommendation.

The record reflects that the Report and Recommendation was mailed to Plaintiff at the address he provided in the Complaint. It appears Plaintiff does not reside at this address or at least that he no longer lives at this address. (*See* ECF No. 6.) Plaintiff has failed to comply with his affirmative duty to provide the Court with a valid address and to notify the Court of any change in address. *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [*pro se* Plaintiff's] address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address."); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend."); *Walker v. Cognis Oleo Chem., LLC*, No. 1:07cv289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010) ("By failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action.").

The Court has reviewed the Report and Recommendation. Noting that no objections have been filed and that the time for filing such objections has expired, the Report and Recommendation is **ADOPTED**, and this action is **DISMISSED** pursuant to § 1915(e)(2)(B) and Rule 12(h)(3) for failure to assert any claims with an arguable basis in law over which this Court has subject matter jurisdiction.

**IT IS SO ORDERED.**


\_\_\_4-30-2013\_\_\_                              _____
**DATE**                                          **EDMUND A. SARGUS, JR.**
                                                  **UNITED STATES DISTRICT JUDGE**